WEBB *vs.* GORMAN, ET AL.[*]

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. HELENA, THE JUDGE THEREOF PRESIDING.

Where a probate sale is attacked as fraudulent, null and void, and the matter is left to a jury, who in their verdict treat the sale as a nullity,

[*] This case was decided at the January term, 1839, and has been mislaid, which caused it to be omitted in its proper place.

which is supported by evidence, the purchaser cannot avail himself of title, or have any recourse in warranty against the heirs of the deceased owner.

Since the adoption of the Louisiana Code, *as an amendment*, and in repeal of the Code of 1808, the *increased value* of the property at the time of eviction, is not *necessarily the standard* of damages to be paid by the warrantor to the party evicted.

This is a petitory action to recover a tract of land in the parish of St. Helena, in the possession and claimed by the defendant, Gorman.

The plaintiff alleges he purchased said tract of land from a Mrs. Fletcher, through her authorized agent, P. Stevenson; that Mrs. Fletcher inherited it from her mother, Mrs. Lydia Highland, who was the legatee and instituted heir of her late husband, Nicholas Highland, to whom the land was confirmed by the government of the United States. He further shows that the land is worth two thousand five hundred dollars, and that Gorman has cut down timber and cleared about thirty acres, which he has in cultivation, worth three dollars per acre rent, and has caused damage to the amount of five hundred dollars. He prays that he be decreed to be the true owner, and have judgment for possession, damages and rents.

The defendant pleaded a general denial, and set up title to the land, by purchase from Jacob Smith, whose heirs and legal representatives he called in warranty, to defend his title. They deny any authority or right in Stevenson to sell the land, as the agent of Mrs. Fletcher; that the same was sold by order of the judge of probates, on the petition of Lydia Highland, as the administratrix and heir of Nicholas Highland, and purchased by Jacob Smith, in good faith, and for a valuable consideration.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The plaintiff produced an authentic act of sale, dated the 11th of November, 1836, from P. Stevenson, agent of Mrs. Fletcher, to four hundred and thirty-six acres, embracing

the land in contest, for the price of one thousand five hundred dollars. It further appeared that Nicholas Highland died in 1821, and bequeathed his estate, personal and real, to his wife, Lydia Highland, including the tract of land which has been sold to the plaintiff.

In 1824, she rendered an account of her administration and stated in her petition, that on "mature consideration she would be acting contrary to her own interest, as well as that of the succession, to sell any portion of it at auction, and prayed to have all proceedings stopped relative to a sale, that she might have the sole management of the same, agreeably to the last will and request of her late husband, (she being left sole heir and manager.") The prayer of this petition was granted, only ordering the sale of sufficient property to pay the probate fees.

Mrs. Highland removed to the state of Mississippi, and in her absence, claims were presented against her late husband's succession, on which suit was brought, and one Abner Wamack, appointed curator to the same. On her return, in 1829, a petition was presented by an attorney, in her name, praying for a sale of the estate, and a meeting of creditors, which was ordered. On the 29th May, 1830, an order was made that said sale take place on the 5th July following. On that day, the land in question was sold by the parish judge of the parish of St. Helena, on one and two years credit, and adjudicated to Jacob Smith for one hundred dollars. On the 8th January, 1836, Smith sold it to the defendant for four hundred dollars.

All the probate proceedings had in appointing a curator in Mrs. Highland's absence, and placing her again in the administration of her husband's estate in 1829-30, were shown to be null and void. She had accepted the succession as instituted heir, administered it and paid the debts thereof. The property was community, and she was owner in her own right, of one-half. The plaintiff's vendor was the daughter of Mrs. Highland, who inherited the disputed premises from her mother.

There was a verdict and judgment for the plaintiff, decreeing him the land, and in favor of Gorman against Smith's

heirs, for two thousand seven hundred and fifty dollars in warranty, with costs of suit.

The warrantors appealed.

*T. L. Andrews,* for the plaintiff, contended, that the evidence showed that Mrs. Highland accepted the succession of her husband, paid debts, administered it as testamentry executrix, and received all her husband's portion, as instituted heir and universal legatee.

2. The vendor of the plaintiff, who is the daughter and heir of Mrs. Highland, is in no way bound or liable in warranty. The property was her mothers, who owned one-half in her own right, as widow in community, and inherited the other, under her husband's will, long anterior to the pretended sale, under which the warrantors claim.

3. This sale is a nullity. It was procured through fraud, and is a sham. Mrs. Highland, in fact, never petitioned for it; the petition was signed by an attorney, and not by her, and the jury did not believe it was ever authorized by her. All her previous acts show that she never could have sanctioned such proceedings; the whole of which are illegal, informal, fraudulent, null and void, on the face of them.

4. The jury believed the defendant, Gorman, to be in good faith, but that Smith, bought in bad faith; being intimate with the affairs of Highland's estate, and one of its appraisers; the jury, therefore, gave Gorman the full value of his possessions from which he was evicted, and refused to allow Smith's heirs any warranty on the pretended probate sale to him.

*Penn,* for the defendant, Gorman, insisted that he was a purchaser in good faith, and held under a just title; that he had made useful improvements, and was entitled to recover in case of eviction, not only the original price, but the value of the improvements. *Louisiana Code,* 2485.

2. The evidence supports the verdict of the jury, in awarding them the increased value of the premises.

*M'Caleb, Eustis* and *Davidson,* for the heirs of Smith and appellants, insisted that the sale by order of the Court of Probates, under which their ancestor purchased, was a sufficient protection to their title, and especially as a valuable consideration, was paid therefor to the succession of Highland.

2. The sum allowed on the warranty is excessive and illegal. The increased value of the property makes no part of the damages, since the repeal of the code of 1808. *Abat* vs. *Morris et al.,* 9 *Louisiana Reports,* 552.

3. The jury found in favor of Thomas Gorman, the whole amount of the premises sued for as established by evidence, when if they had found the defendant in bad faith, he was entitled to no compensation for his improvements; and if in good faith, the value of the improvements should have been adjudged against the plaintiff, Thomas Webb.

4. The plaintiff in warranty, Thomas Gorman, had no right to recover more than the purchase money originally paid for the land to Jacob Smith, with interest, and not the increase of the value of the property as damages.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff asserts title to a tract of land in possession of the defendants, under a purchase from Mrs. Fletcher, the sole heir at law of Lydia Highland, who was the owner of the same, as the instituted heir of Nicholas Highland. The title of Lydia Highland under the will of her husband, is clearly shown by evidence in the record, as well as the sale by her heir at law, through the agency of Stevenson, her special attorney in fact.

The defendant derives title through one Smith, whose heirs are parties; and he relies upon a sale made by order of the judge of probates, of the parish of St. Helena. That sale has been attacked as fraudulent, null and void, and the whole matter relating to the transaction was left to the jury, and we are far from being disposed to disturb their verdict, by which it was in effect treated as void. Indeed, we have rarely witnessed a transaction under color of judicial authority so flagrantly unjust and oppressive, as that in question. Mrs. Highland, in our opinion, so far from being bound by

any warranty towards Smith, resulting from the unautho-
rized and irregular sacrifice of her property by the parish
judge, was absent, and a stranger to those proceedings, and
there is no semblance of a judicial sale.

But it is contended on the part of the heirs of Smith, that
they are not liable under the warranty for so large an amount
as the jury have awarded in damages, and that the defend-
ant is not entitled to recover of his warrantor more than the
price paid for the land, with interest, and not the increased
value of the land as damages. No authority is cited in sup-
port of this position. The case of *Morris* vs. *Abat*, 9 *Louisi-
ana Reports*, 552, to which, we suppose, the counsel alludes,
as apparently sustaining him, does not go that extent. It is
true, we held in that case, that the increased value of the
property at the time of the eviction, is not necessarily the
standard of damages, inasmuch as the new code had
repealed the provisions of that of 1808, which appears to
carry the responsibility of the warrantors that length. But
the record in the case now before us, does not enable us to
say that the jury erred in giving the amount they have.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed with costs.